UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOLLY ANN KENNEDY,**

      **Plaintiff,**

v.                                                               Case No:   6:14-cv-1776-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

# MEMORANDUM OF DECISION

Holly Ann Kennedy (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") in which she alleged a disability onset date of June 1, 2010. Doc. No. 1; R. 19-28. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) assigning great weight to the opinion of a one-time examining physician, Dr. Nitin Hate; 2) assigning less than controlling weight to the opinion of her treating physician, Dr. San Thiha; and 3) finding her testimony concerning her pain and limitations not credible. Doc. No. 20 at 14-23, 27-31. Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings. *Id*. at 36. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.    ANALYSIS.**

   **A. Weight of Medical Opinions.**

Claimant challenges the weight assigned to Drs. Hate's and Thiha's opinions. Doc. No. 20 at 27-31. The ALJ assigned great weight to Dr. Hate's opinion and less than controlling weight to Dr. Thiha's opinions. R. 26-27. Claimant argues the ALJ erred by assigning Dr. Hate's opinion great weight because he did not review her medical records or opine about her specific functional limitations. Doc. No. 20 at 27. Claimant also argues the ALJ did not articulate good cause to assign Dr. Thiha's opinions less than controlling weight. *Id*. at 29-31.

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)); *see also* 20 C.F.R. § 416.920(a)(4)(iv). "The residual

functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)); *see also* 20 C.F.R. § 416.945(a). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four of the sequential evaluation process. *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

The opinion of an examining physician, which is not entitled to any particular deference, is generally entitled to more weight than the opinion of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *see McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinions of one-time examiners are not entitled to deference because they are not treating physicians). While "the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and the ALJ articulates his or her reasoning for rejecting the opinion(s). *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

Claimant has a history of obesity, degenerative disc disease of the lumbar spine, diabetes mellitus, and chronic obstructive pulmonary disease ("COPD").[1] The ALJ's decision provides a thorough and accurate summary of the medical evidence of record. R. 23-25. First, the ALJ addresses the medical evidence pertaining to Claimant's back impairment. Specifically, the ALJ addresses the January and February of 2011 x-rays and MRI of Claimant's lumbar spine, noting the findings of mild and moderate degenerative changes in the lumbar spine. R. 23 (citing R. 295-346). The ALJ addresses Dr. Thiha's treatment records, noting, among other things, Claimant reported her pain level to range between 3-5, the records "include minimal clinical examination findings," and routinely indicate Claimant was "alert, comfortable, and/or in no acute distress." R. 23-34 (citing R. 295-346, 484-89, 493-519, 520-96). The ALJ addresses Dr. Hate's examination findings, noting the examination was largely unremarkable with the exception of Claimant's reduced ability to squat and limited range of motion in her lumbar spine. R. 24 (citing R. 347-57).

---

[1] The ALJ found these impairments to be severe. R. 20. Claimant also suffered from other impairments during the relevant period, such as psoriasis and hypertension. *See* R. 21. The ALJ considered and found these impairments to be non-severe. R. 21. Claimant does not challenge that finding on appeal. *See* Doc. No. 20 at 14-23, 27-31.

Second, the ALJ addresses the medical evidence pertaining to Claimant's diabetes mellitus. R. 24. Specifically, the ALJ notes Claimant's diabetes is uncontrolled, and that she has reported tingling, numbness, dizziness and moderate foot pain and swelling secondary to her diabetes. *Id.* (citing R. 295-346, 484-89, 493-519, 520-96). The ALJ notes there were few complaints of fatigue, excessive urination, thirst and hunger, and numerous physical examinations that revealed no edema in Claimant's extremities. *Id.*

Third, the ALJ addresses the medical evidence pertaining to Claimant's COPD. R. 25. Specifically, the ALJ discusses the June and September of 2011 spirometry reports, noting the findings were normal. *Id.* (citing R. 347-57, 490). Next, the ALJ addresses Dr. Thiha's treatment records noting Claimant routinely denied chest pains, shortness of breath, wheezing, dyspnea on exertion, palpitations and leg swelling or pain, and at times exhibited coarse breathing on examination. *Id.* (citing R. 295-346, 484-89, 493-519, 520-96). Next, the ALJ addresses Dr. Hate's examination findings, noting his examination of Claimant's respiratory system was unremarkable. *Id.* (citing R. 347-57).

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: obesity; diabetes mellitus; degenerative disc disease of the lumbar spine; and COPD. R. 20. The ALJ also found Claimant suffers from non-severe impairments of psoriasis and hypertension. R. 21. At step four of the sequential evaluation process, the ALJ found Claimant can perform a "range of sedentary work" as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following specific limitations:

> In terms of exertional limitations, the claimant is limited to only occasional lifting of twenty pounds and frequent lifting of ten pounds, standing two hours in an eight-hour workday, and sitting six hours in an eight-hour workday. Regarding nonexertional limitations, the claimant is limited to only occasional stair climbing, stooping, balancing, kneeling, crouching, or crawling. The

> claimant is further limited to only occasional exposure to cold extremes, dust/fumes, and hazards (i.e., heights and moving parts). In addition, the claimant us unable to work around food or beverages.

R. 22. In reaching this RFC, the ALJ, as discussed above, first considered the medical record with respect to each of Claimant's impairments. R. 23-25. Second, the ALJ considered Claimant's reported activities of daily living. R. 25-26. Third, the ALJ considered opinion evidence from Drs. Hate, Thiha and Ponterio. R. 26-27.[2]

### 1. Dr. Hate.

On June 17, 2011, Dr. Hate performed a one-time examination of Claimant. R. 348-50. Dr. Hate's examination was largely unremarkable, with Claimant exhibiting normal gait, negative straight leg raises, a normally maintained spine, no spasms of the paravertebral muscles, normal muscle and grip strength, normal deep tendon reflexes, and normal mental and speech functions. R. 349. However, the examination did reveal Claimant was limited in her ability to squat and had "slightly" reduced range of motion in her thoracolumbar region. *Id*. Dr. Hate was not provided with Claimant's medical records. R. 350. Based on his examination, Dr. Hate found Claimant suffers from diabetes mellitus, chronic back pain related to her obesity, COPD, psoriasis and hypertension. *Id*. Dr. Hate opined Claimant "may have difficulty in strenuous activity; however some kind of physical activity may actually be helpful." *Id*.

The ALJ assigned Dr. Hate's opinion great weight. R. 26. In doing so, the ALJ implicitly acknowledged Dr. Hate's report was based on his examination and expressly acknowledged Dr. Hate did not provide any specific functional limitations. *Id*. In spite of these issues, the ALJ assigned Dr. Hate's opinion great weight for the following reasons: 1) Dr. Hate examined

---

[2] Dr. Ponterio is a non-examining state agency physician. R. 88-90. On August 8, 2011, Dr. Ponterio completed a physical RFC. *Id*. The ALJ found Dr. Ponterio's opinion was "not entitled to significant weight." R. 26. Claimant does not challenge that finding on appeal. *See* Doc. No. 20 at 14-23, 27-31.

Claimant; and 2) Dr. Hate's findings and opinion were consistent with the objective medical evidence, which the ALJ discussed earlier in his decision.  *Id*. (citing R. 23-25).

Claimant argues the ALJ erred by assigning Dr. Hate's opinion great weight, because he did not review her medical records, nor did he opine about her specific functional limitations. Doc. No. 20 at 27.  As a result, Claimant maintains Dr. Hate's opinion is only "marginally useful" in determining her credibility and RFC.  *Id*.  Thus, Claimant suggests the ALJ erroneously placed too much significance on Dr. Hate's opinion when determining her credibility and RFC.  *Id*.

The ALJ appropriately considered and weighed Dr. Hate's opinion.  The ALJ acknowledge the issues raised by Claimant, and still found Dr. Hate's opinion was entitled to great weight.  R. 26.  Claimant cites no authority indicating the ALJ should have assigned Dr. Hate's opinion less than great weight given the fact he did not review Claimant's medical records or provide specific functional limitations.  *See* Doc. No. 20 at 27.  Instead, the ALJ, aware of the issues with Dr. Hate's opinion, assigned it great weight because: 1) Dr. Hate examined Claimant; and 2) Dr. Hate's findings and opinion were consistent with the objective medical evidence.  *Id*. (citing R. 23-25).  These reasons, which Claimant does not challenge on appeal (*See* Doc. No. 20 at 27), are supported by substantial evidence and support the ALJ's decision to assign Dr. Hate's opinion great weight.  Further, the ALJ's decision reveals Dr. Hate's opinion was only one of many pieces of evidence the ALJ relied on in determining Claimant's credibility and RFC.  R. 23-27.  Therefore, the Court is not persuaded the ALJ erroneously placed too much significance on Dr. Hate's opinion in determining Claimant's credibility and RFC.  For these reasons, the Court finds the ALJ committed no error with respect to Dr. Hate's opinion.

### 2. Dr. Thiha.

On July 25, 2011, Dr. Thiha completed a physical residual functional capacity assessment. R. 362-65. In it, Dr. Thiha opined Claimant can rarely lift less than ten (10) pounds. R. 364. Dr. Thiha opined Claimant can sit for four (4) hours in an eight-hour workday, and can sit in one position for only fifteen (15) minutes. R. 363. Dr. Thiha opined Claimant will need to elevate her legs during prolonged periods of sitting, but did not specify what constitutes a prolonged period of sitting. R. 364. Dr. Thiha opined Claimant can stand/walk for less than two (2) hours in an eight-hour workday, and can stand in one position for only five (5) minutes. *Id*. Dr. Thiha opined Claimant needs a job that permits her to shift positions at will from sitting to standing or walking. R. 364. Dr. Thiha opined Claimant can rarely stoop, crouch and squat, and never twist or climb stairs and ladders. *Id*. Dr. Thiha opined Claimant has significant limitations in fingering, reaching and handling, but did not otherwise explain those limitations. *Id*. Dr. Thiha opined Claimant should avoid moderate exposure to cigarette smoke, perfumes and dust, and avoid all exposure to extreme heat and cold, high humidity, wetness, soldering fluxes, solvents/cleaners, fumes/odors/gases and chemicals. R. 365. Dr. Thiha opined Claimant is capable of performing low stress work. R. 363. Dr. Thiha opined Claimant does not suffer from any psychological conditions that affect her physical condition. R. 362. Finally, Dr. Thiha opined Claimant would miss approximately three (3) days of work per month. R. 365.

On November 27, 2012, Dr. Thiha completed a second physical residual functional capacity assessment. R. 597-600. In it, Dr. Thiha opined Claimant can rarely lift less than ten (10) pounds. R. 599. Dr. Thiha opined Claimant can sit for less than (2) hours in an eight-hour workday, and can sit in one position for only ten (10) minutes. R. 598. Dr. Thiha opined Claimant will need to elevate her legs during prolonged periods of sitting, but did not specify what

constitutes a prolonged period of sitting. *Id*. Dr. Thiha opined Claimant can stand/walk for less than two (2) hours in an eight-hour workday, and can stand in one position for only ten (10) minutes. *Id*. Dr. Thiha opined Claimant needs a job that permits her to shift positions at will from sitting to standing or walking. *Id*. Dr. Thiha opined Claimant can rarely stoop and climb stairs, and never twist, crouch, squat or climb ladders. R. 599. Dr. Thiha opined Claimant should avoid concentrated exposure to high humidity, cigarette smoke, perfumes, soldering fluxes, solvents/cleaners, fumes/odors/gases, dust and chemicals, and completely avoid exposure to extreme heat and cold. *Id*. Dr. Thiha opined Claimant's anxiety and stress affect her physical condition, and her impairments and their corresponding symptoms will cause her to be off task for more than twenty-five percent (25%) of the workday. R. 597, 600. Dr. Thiha opined Claimant is incapable of low stress work. R. 600. Finally, Dr. Thiha opined Claimant is capable of performing activities of daily living, but unable to function in an employment setting and would miss four (4) or more days of work per month. *Id*.

The ALJ assigned Dr. Thiha's opinions less than the controlling weight. R. 26-27. In doing so, the ALJ articulated the following reasons: 1) Dr. Thiha's opinions are inconsistent with Dr. Hate's opinion and the objective medical evidence, which the ALJ discussed earlier in his decision; 2) Dr. Thiha's opinions are inconsistent with Claimant's pattern of treatment because no such limitations appear in his treatment records, which only evince minimal change or worsening of Claimant's symptoms, and on the day of his July 25, 2011 opinion the treatment note indicates Claimant was "alert, comfortable and in no acute distress"; 3) Dr. Thiha's opinions are inconsistent with Claimant's presentation at the hearing; and 4) Dr. Thiha's opinion concerning Claimant's mental health is outside his expertise, inconsistent with his treatment notes, and inconsistent with Claimant's reported activities of daily living. R. 26-27 (citing R. 23-26, 484-89, 493-519). The

ALJ also assigned Dr. Thiha's opinion that Claimant is unable to function in an employment setting no controlling weight because such a finding is reserved for the Commissioner.  *Id*.

The Court notes Claimant does not challenge the portion of the ALJ's first reason referencing inconsistency between the objective medical evidence and Dr. Thiha's opinions.  *See* Doc. No. 20 at 29-31.  Instead, Claimant only challenges the other reasons the ALJ articulated in support of his determination to assign Dr. Thiha's opinions less than controlling weight.  *Id*.  Claimant essentially argues that those reasons do not provide good cause to give Dr. Thiha's opinions less than controlling weight.  *Id*.

As previously discussed, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1).  Therefore, the ALJ properly gave no controlling weight to Dr. Thiha's opinion that Claimant is unable to function in an employment setting, because such a determination is reserved for the Commissioner.  *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 745 (11th Cir. 2012).

The ALJ articulated good cause for assigning Dr. Thiha's opinions less than controlling weight.  First, the ALJ found Dr. Thiha's opinions were inconsistent with the objective medical evidence and Dr. Hate's opinion.  R. 26.  In support, the ALJ cites his discussion of the medical record, wherein he provides detailed explanations of how the objective medical evidence regarding each of Claimant's impairments supports his RFC determination.  *Id*. (citing R. 23-25, 348-50). The ALJ's discussion of the medical evidence highlights many objective findings that are inconsistent with Dr. Thiha's limitations, including, but not limited to, Dr. Thiha's treatment notes which reveal: 1) intermittent complaints of moderate back pain; 2) no complaints of chest pain, shortness of breath, palpitations, or leg swelling; 3) a single report of anxiety followed by repeated

denials of mood swings, depression, suicidal thoughts, and memory changes; and 4) largely unremarkable physical examinations, during which Claimant often appeared alert, comfortable and/or in no acute distress. R. 23-25 (citing R. 295-346, 484-89, 493-519, 520-96). The Court finds the ALJ's first reason is, in and of itself, good cause to assign less than controlling weight to Dr. Thiha's opinions, and is supported by substantial evidence.

The remaining reasons articulated by the ALJ do not, standing alone, provide good cause to assign less than controlling weight to Dr. Thiha's opinions. *See Winschel*, 631 F.3d at 1179. Nevertheless, there is nothing prohibiting an ALJ from considering the absence of functional limitations in treatment notes, the claimant's appearance and demeanor at the hearing, and the physician's specialty in weighing the physician's opinion. *See Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985) ("[T]he ALJ may consider a claimant's demeanor among other criteria in making credibility determinations."); 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Here, the second, third and fourth reasons articulated by the ALJ are supported by substantial evidence. R. 26-27 (citing R. 23-26, 484-89, 493-519). Further, the ALJ did not rely exclusively on any one of these reasons, but simply relied on these reasons to bolster his determination to assign Dr. Thiha's opinions less than controlling weight. R. 26-27. For these reasons, the Court finds the ALJ articulated good cause to assign Dr. Thiha's opinions less than controlling weight, and his reasons are supported by substantial evidence.

### B. Credibility.

Claimant argues the ALJ failed to consider the entire record when determining her credibility. Doc. No. 20 at 14-23. Specifically, Claimant argues the ALJ "cites to only a few

select parts of the record that lead to the false conclusion that Plaintiff is simply overstating her limitations." *Id*. at 18. As a result, Claimant argues the ALJ's credibility determination is not supported by substantial evidence, because he failed to consider evidence supporting her testimony concerning the intensity, persistence, and limiting effects of her symptoms. *Id*. at 14-23.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[3] Thus, once the pain standard is

---

[3] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may provide grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

On December 4, 2012, the ALJ held a hearing in this matter. R. 36-59. At the hearing, Claimant testified she is unable to work as a result of the pain in her back, feet and hands, and difficulty breathing. R. 40, 42. In terms of Claimant's pain, she testified she can only walk for five (5) to ten (10) minutes. R. 50. Claimant testified movement and extreme heat and cold exacerbate her pain. R. 47-48, 51. Claimant testified she takes several naps during the day as a result of her pain, and must routinely sit and elevate her legs to reduce swelling. R. 42-43. Claimant testified her pain medication does not eliminate her pain, but does help to reduce her pain. R. 47. In terms of Claimant's difficulty breathing, she testified her COPD has worsened over the past year to the point where she has difficulty taking showers. R. 45. In terms of Claimant's diabetes, she testified her diabetes causes her to be thirsty, tired, and have difficulty concentrating. R. 42. Overall, Claimant testified she has one (1) good day a week. R. 52.

In terms of Claimant's activities of daily living, she testified she prepares simple meals, does laundry, light household cleaning, drives a vehicle, and occasionally goes grocery shopping.

R. 42, 50-51. Claimant further explained that she often performs these activities with assistance from her husband and children. *Id.* In addition to the activities of daily living discussed at the hearing, Claimant also completed a Function Report in which she reported helping her children get ready for school, watching television, reading, talking on the telephone daily, and occasionally playing cards. R. 244, 248.

At step four of the sequential evaluation process, the ALJ found Claimant's impairments could reasonably be expected to cause her alleged symptoms, but concluded her statements concerning the intensity, persistence, and limiting effects of her symptoms are not credible to the extent they are inconsistent with his RFC determination. R. 23. In support, the ALJ first outlined the reasons supporting his credibility determination:

> First, the medical evidence in [the] record establishes that the claimant's [RFC] is within the sedentary exertional range. Second, the claimant's activities of daily living are inconsistent with the claimant's allegations. Third, the opinion evidence in [the] record provides that the claimant's [RFC] is greater than that alleged.

*Id.* Subsequently, the ALJ provided a more detailed explanation of the foregoing reasons. R. 23-27. First, the ALJ thoroughly considered the medical evidence with respect to each of Claimant's impairments, concluding the medical evidence establishes Claimant's impairments limit her to a range of sedentary work. R. 23-25. Second, the ALJ considered Claimant's reported activities of daily living, concluding Claimant's reported activities of daily living are inconsistent with Claimant's "testimony at [the] hearing of being able to sustain virtually no level of function." R. 25-26. Third, the ALJ considered opinion evidence from Drs. Ponterio, Hate, and Thiha, concluding the opinion evidence he found to be consistent with the medical evidence establishes Claimant's impairments limit her to a range of sedentary work. R. 26-27.

The ALJ conducted a thorough evaluation of the entire record in determining the credibility of Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms. R. 23-27. The ALJ did not recite every piece of evidence in his opinion. However, it is axiomatic "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotations omitted). The ALJ's decision is not a broad rejection of Claimant's credibility. The ALJ considered and found the medical evidence, Claimant's reported activities of daily living, and the opinion evidence (which the Court has already addressed) established Claimant, contrary to her testimony, is capable of performing a range of sedentary work. R. 23-27. In conducting this analysis, the ALJ considered evidence both favorable and unfavorable to Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms. R. 23-27. For example, Claimant argues the "ALJ clearly failed to consider [her] uncontrolled diabetes and peripheral neuropathy." Doc. No. 20 at 20. However, the ALJ expressly considered these impairments. R. 24, 26-27. In doing so, the ALJ discussed evidence supporting Claimant's allegations (*i.e.*, uncontrolled diabetes and reports of swelling and moderate foot pain) and evidence contrary to Claimant's allegations (*i.e.*, routine absence of edema on physical examination and minimal complaints of fatigue, excessive urination, thirst and hunger). R. 24. Upon review, the Court finds the ALJ articulated good cause for discrediting Claimant's testimony and that his reasons are supported by substantial evidence. Accordingly, the Court finds no error with respect to the ALJ's credibility determination.

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 17, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable George Gaffaney
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Chicago NHC
15th Floor
200 West Adams
Chicago, Il, 60606